IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN CHARLES MCGRIGGS                                                                    PETITIONER

versus                                                         CIVIL ACTION NO. 5:08cv228-DCB-MTP

STATE OF MISSISSIPPI                                                                     RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Motion to Dismiss for Failure to Exhaust [5] filed by respondent. Having considered the submissions of the parties, the entire record in this matter, and applicable law, the undersigned is of the opinion that the motion should be granted and that petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

## FACTUAL BACKGROUND

*Pro se* petitioner John Charles McGriggs was convicted of rape in the Circuit Court of Warren County, Mississippi, and on June 27, 2006, he was sentenced to serve a term of eighteen years in the custody of the Mississippi Department of Corrections. Petitioner appealed his conviction and sentence, and on April 1, 2008, the Mississippi Court of Appeals affirmed his conviction and sentence in a written opinion. *McGriggs v. State*, 2008 WL 852819 (Miss. Ct. App. 2008). Petitioner filed a motion for rehearing on April 29, 2008. That motion was still pending at the time petitioner filed his Petition for Writ of Habeas Corpus [1] on June 23, 2008. *See* Exhs. A-C to Motion to Dismiss. Respondent filed the instant Motion to Dismiss on July 23, 2008. The Mississippi Court of Appeals denied petitioner's motion for rehearing by order filed July 29, 2008. *See* ecf doc no. 7. On August 19, 2008, the mandate of the court was issued and filed. As clarified by additional briefing submitted by the parties [10] [11] in response to this court's Order [8], petitioner has not filed a petition for writ of certiorari with the Mississippi

Supreme Court.

## ANALYSIS

As petitioner's habeas petition was filed after the effective date of The Antiterrorism and Effective Death Penalty Act ("AEDPA"), the AEDPA and case law interpreting it provide the standards under which the petition must be evaluated.  *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).  As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i)  there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that it is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).  This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844.  Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."  *Id.*  Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings.  *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

As noted *supra*, petitioner's motion for rehearing was denied by the Court of Appeals on July 29, 2008. Thereafter, petitioner had the right to seek further review in state court by filing a petition for writ of certiorari in the Mississippi Supreme Court within fourteen (14) days after rehearing was denied. *See* Miss. R. App. P. 17(b); *see also* Miss. Code Ann. § 9-4-3. Petitioner concedes that he has not filed a petition for a writ of certiorari. *See* ecf. doc. no. 11. Thus, petitioner has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48 (holding that failure to raise claims in petition for leave to appeal to state's highest court (that had been raised before the intermediate appellate court) resulted in a procedural default of those claims); *see also Day v. King*, 2006 WL 2541600, at * 2 (S.D.Miss. Aug. 31, 2006) ("As the petitioner did not seek discretionary review with the Mississippi Supreme Court, he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2224(c)."); *Hicks v. Wilson*, 2006 WL 2372255, at * 5 (S.D. Miss. July 13, 2006) (holding that in order to exhaust his habeas claims, petitioner was required to request a writ of certiorari) (Magistrate Judge's Report and Recommendation adopted by the District Court on August 14, 2006).[1]

Additionally, as the time for exhausting his claims has passed,[2] petitioner no longer has

---

[1] The court disagrees with respondent that petitioner can seek post-conviction relief under Mississippi's Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1, *et seq.* The claims in petitioner's habeas petition appear to be the same claims he raised on direct appeal and, accordingly, they would likely be procedurally barred by the doctrine of *res judicata*. *See Hodges v. State*, 949 So.2d 706, 713-14 (Miss. 2006); *Hansen v. State*, 649 So. 2d 1256, 1257-58 (Miss. 1994); Miss. Code Ann. § 99-39-21(3) ("The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.").

[2] *See* Miss. R. App. P. 17(b) (allowing fourteen days to file a petition for writ of certiorari after rehearing is denied).

the ability to exhaust them. Petitioner's failure to timely seek such review results in a procedural default of these federal habeas claims and a bar to their review by this court. *See O'Sullivan,* 526 U.S. at 848 (holding that failure to present claim to state's highest court in timely manner results in procedural default of those claims); *see also Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (stating that "[w]hen...state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims."). Where a habeas claim is procedurally barred, it may be considered on the merits by a federal court under two narrow exceptions: "cause and actual prejudice" or "fundamental miscarriage of justice." *See Bagwell v. Dretke,* 372 F.3d 748, 755 (5th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004); *see also Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (making this rule "explicit").

To prove cause sufficient to excuse default, petitioner must establish that some external impediment prevented him from raising the defaulted claims: "'Cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. Petitioner has provided no explanation whatsoever for his failure to exhaust this claim. As petitioner has failed to show cause, this court "need not consider whether there is actual prejudice." *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

In addition, petitioner cannot establish that failure of this court to consider any of his claims would result in a "fundamental miscarriage of justice." The fundamental miscarriage of justice exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (*citing Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To meet this exception, petitioner

4

must offer "new, reliable evidence that was not presented at trial" and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."[3]  *Id.* (citations omitted); *see also Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). Petitioner has not provided this court with any new evidence that was not presented at trial, nor has he claimed "actual innocence."  Accordingly, his habeas claims are procedurally barred.

In his most recent filing with the court [11], petitioner has requested a "stay and abeyance" so that he may return to state court to exhaust his claims.  When, as in this case, a petitioner has failed to exhaust all of his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  *Rhines v. Weber*, 544 U.S. 269, 275 (2005). However, stay and abeyance should only be available in limited circumstances.  *Rhines*, 544 U.S. at 277.  Stay and abeyance is only appropriate when three requirements are met: 1) there is "good cause for the petitioner's failure to exhaust his claims first in state court[;]" 2) the unexhausted claims are not "plainly meritless[;]" and 3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.  Stays are only available in limited circumstances because granting a petitioner's motion to stay and hold in abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts." *Id*. at 277.

Petitioner has provided no reason for his failure to exhaust and, therefore, has not established good cause.  Moreover, a stay and abeyance would be futile because, as discussed *supra*, the time for filing a petition for writ of certiorari has passed.  If petitioner were to file a motion for post-conviction relief, his claims would likely be procedurally barred by *res judicata*,

---

[3] Such evidence includes "exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, and certain physical evidence." *Fairman*, 188 F.3d at 644.

5

pursuant to Miss. Code Ann. § 99-39-21(3).  Thus, a stay and abeyance is not warranted.  *See*, *e.g.*, *Neville v. Dretke*, 423 F.3d 474, 479-80 (5th Cir. 2005) (holding that petitioner was not entitled to stay of petition where he failed to offer good cause for his failure to exhaust and where his unexhausted claims were not potentially meritorious).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that respondent's Motion to Dismiss for Failure to Exhaust [5] should be granted and that petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 8th day of October, 2008.

                                           s/Michael T. Parker
                                           United States Magistrate Judge